FILED BY_____D.C.

AUG 3 1 2021

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-Cr-60246-Scola/Snow

18 U.S.C. § 1349
18 U.S.C. § 1343
18 U.S.C. § 982(a)(2)

UNITED STATES OF AMERICA

vs.

**KEVIN DEWAYNE KIRBY,**

   **Defendant.**
_____/

## INFORMATION

The United States Attorney charges that:

### GENERAL ALLEGATIONS

At all times relevant to this Information:

### The Small Business Administration and the CARES Act

1.  The United States Small Business Administration ("SBA") was an executive branch agency of the United States government that provided support to entrepreneurs and small businesses. The mission of the SBA was to maintain and strengthen the nation's economy by enabling the establishment and viability of small businesses and by assisting in the economic recovery to communities after disasters. As part of its mission, the SBA, among other things, made loans to borrowers after receipt and approval of loan applications and any other required supporting documentation.

2.  In or around March 2020, the Coronavirus Aid Relief and Economic Security ("CARES") Act was enacted to provide emergency financial assistance to the millions of Americans suffering adverse economic effects caused by the COVID-19 pandemic. The CARES

Act established several new temporary programs and provided for the expansion of other programs administered by the SBA.

## The Economic Injury Disaster Relief Program

3. The Economic Injury Disaster Loan ("EIDL") program was an SBA program that existed before the COVID-19 pandemic to provide low-interest financing to small businesses, renters, and homeowners in regions affected by declared disasters.

4. The CARES Act authorized the SBA to provide EIDLs to eligible small businesses experiencing substantial financial disruptions due to the COVID-19 pandemic. In order to obtain a COVID-19 EIDL, a qualifying business was required to submit an EIDL application to the SBA and provide information about its operations, such as the number of employees, gross revenues, and the cost of goods sold for the 12-month period preceding January 31, 2020. In addition, the CARES Act authorized the SBA to issue advances of up to $10,000 to small businesses within approximately three days of applying for an EIDL. For a business to be eligible for an EIDL, the business must have been in operation before February 1, 2020.

5. EIDL applications were submitted directly to the SBA and processed by the agency with support from a government contractor. Approval of a loan application and the amount of a loan was based, in part, on the information provided on the application about the number of employees, gross revenues, and cost of goods sold. The applicant was required to certify that all the information in the application was true and correct to the best of the applicant's knowledge on both the EIDL application and on a EIDL Loan Authorization and Agreement.

### The Defendant and NAB International, LLC

6. Defendant **KEVIN DEWAYNE KIRBY** was a resident of Miami-Dade County, Florida.

7. Defendant **KEVIN DEWAYNE KIRBY** has been listed as the sole manager of NAB International, LLC ("NAB International") since 2010 and was the owner and operator of NAB International. NAB International was a Florida limited liability company. Since approximately 2014, NAB International's listed principal place of business has been 15757 Pines Boulevard, Suite #211, Pembroke Pines, Florida.

### COUNT 1
### CONSPIRACY TO COMMIT WIRE FRAUD
### (18 U.S.C. § 1349)

8. Paragraphs 1 through 7 of the General Allegations section of this Information are re-alleged and incorporated by reference as if fully set forth herein.

9. From in or around May 2020, and continuing until on or about July 2020, in Broward and Miami-Dade Counties, in the Southern District of Florida, and elsewhere, the defendant,

**KEVIN DEWAYNE KIRBY,**

did willfully, that is, with the intent to further the object of the conspiracy, and knowingly combine, conspire, confederate, and agree with Individual 1, and with others unknown to the United States Attorney, to knowingly, and with the intent to defraud, devise, and intend to devise, a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and, for the purpose of executing the scheme and artifice, did knowingly transmit and cause to be transmitted, by means of wire communication in

interstate commerce, certain writings, signs, signals, pictures, and sounds, in violation of Title 18, United States Code, Section 1343.

**Purpose of the Conspiracy**

10.     It was the purpose of the conspiracy for the defendant and his co-conspirators to unlawfully enrich themselves by, among other things: (a) submitting and causing the submission of a false and fraudulent application for an EIDL, made available through the SBA to provide relief for the economic effects caused by the COVID-19 pandemic; and (b) diverting EIDL proceeds for the defendant's and co-conspirators' personal use.

**Manner and Means of the Conspiracy**

The manner and means by which the defendant and his co-conspirators sought to accomplish the purpose of the conspiracy included, among others, the following:

11.     The defendant owned and operated a bank account ending in 0210 at Wells Fargo, N.A. ("Wells Fargo"), which was opened on or about April 20, 2020 and listed in the name of NAB International.

12.     In or around May 2020, the defendant and his co-conspirators submitted and caused to be submitted to the SBA, an EIDL application for the defendant's company, NAB International, which contained materially false, fictitious, and fraudulent information.

13.     In or around May 2020, the EIDL application, which the defendant and his co-conspirators submitted and caused to be submitted to the SBA, caused the SBA to provide a $10,000 advance, via interstate wire communications, to the defendant's Wells Fargo bank account ending in 0210.

14. In or around July 2020, the defendant, submitted and caused to be submitted to the SBA, a Loan Authorization and Agreement, which contained materially false and fraudulent representations and promises.

15. In or around July 2020, the Loan Authorization and Agreement, which the defendant submitted and caused to be submitted to the SBA, caused the SBA to provide $109,600, via interstate wire communications, to the defendant's Wells Fargo bank account ending in 0210.

16. To induce the SBA to disburse funds to the defendant, the defendant and his co-conspirators made and caused to be made, materially false, fictitious, and fraudulent information and representations on the EIDL application and EIDL Loan Authorization and Agreement that was submitted to the SBA, including, among other things, the following:

### Materially False Statements and Representations

a. Representing on the EIDL application that the gross revenues for NAB International for the twelve months prior to January 31, 2020 was $472,621;

b. Representing on the EIDL application that the costs of goods sold for NAB International for the twelve months prior to January 31, 2020 was $233,325;

c. Representing on the EIDL application that NAB International had thirteen (13) employees; and

d. Certifying on the Loan Authorization and Agreement that all the representations on the EIDL application were true, correct, and complete.

17. Over the course of the scheme, the defendant and his co-conspirators falsely and fraudulently caused the SBA to disburse approximately $119,600 to the defendant.

All in violation of Title 18, United States Code, Section 1349.

## COUNTS 2-3
## WIRE FRAUD
## (18 U.S.C. § 1343)

18. Paragraphs 1 through 7 of the General Allegations section of this Information are realleged and fully incorporated herein by reference.

19. Beginning in or around May 2020, and continuing until on or about July 2020, in Broward and Miami-Dade Counties, in the Southern District of Florida, and elsewhere, the defendant,

**KEVIN DEWAYNE KIRBY,**

did knowingly, and with the intent to defraud, devise, and intend to devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and for the purpose of executing such scheme and artifice, did knowingly transmit and cause to be transmitted in interstate and foreign commerce by means of wire communication, certain writings, signs, signals, pictures and sounds, in violation of Title 18, United States Code, Section 1343.

### Purpose of the Scheme and Artifice

20. It was the purpose of the scheme and artifice for the defendant and his co-conspirators to unlawfully enrich themselves by, among other things: (a) submitting and causing the submission of a false and fraudulent application for an EIDL made available through the SBA to provide relief for the economic effects caused by the COVID-19 pandemic; and (b) diverting EIDL proceeds for the defendant's and co-conspirators' personal use.

### The Scheme and Artifice

21. Paragraphs 11 through 16 of the Manner and Means section from Count 1 of this Information are realleged and incorporated by reference as though fully set forth herein as the description of the scheme and artifice.

### Use of the Wires

22. On or about the dates indicated below, the defendant, for the purpose of executing the aforesaid scheme and artifice to defraud, did knowingly transmit and cause to be transmitted in interstate commerce, certain writings, signs, signals, pictures and sounds by means of wire communication, as more particularly described below:

| COUNT | APPROXIMATE DATE | DESCRIPTION OF WIRE COMMUNICATION |
|---|---|---|
| 2 | May 21, 2020 | Electronic transmission of routing information from the United States Treasury ACH payment of $10,000 to Wells Fargo bank account ending in 0210 |
| 3 | July 6, 2020 | Electronic transmission of routing information from the United States Treasury ACH payment of $109,600 to Wells Fargo bank account ending in 0210 |

All in violation of Title 18, United States Code, Sections 1343 and 2.

### FORFEITURE ALLEGATIONS
### (18 U.S.C. § 982(a)(2))

23. The allegations of this Information are re-alleged, and by this reference fully incorporated herein for the purpose of alleging criminal forfeiture to the United States of

America of certain property in which the defendant, **KEVIN DEWAYNE KIRBY,** has an interest.

24. Upon conviction of a violation of, or a conspiracy to violate, Title 18, United States Code, Section 1343, as alleged in this Information, the defendant shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(2), any property constituting, or derived from, proceeds the defendant obtained directly or indirectly as a result of the violation.

25. The property subject to criminal forfeiture includes, but is not limited to, the following: $119,600 (U.S.), which is a sum of money equal in value to the property constituting, or derived from, proceeds the defendant obtained directly or indirectly as a result of the violations alleged in this Information.

All pursuant to Title 18, United States Code, Section 982(a)(2), and the procedures set forth at Title 21, United States Code, Section 853.

_____ (Bertha R. Mitrani) for
JUAN ANTONIO GONZALEZ
ACTING UNITED STATES ATTORNEY

_____
DERIC ZACCA
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

KEVIN DEWAYNE KIRBY,

          Defendant.        /

CASE NO._____

## CERTIFICATE OF TRIAL ATTORNEY*

**Superseding Case Information:**

**Court Division:** (Select One)
- [ ] Miami
- [ ] Key West
- [✓] FTL
- [ ] WPB
- [ ] FTP

New defendant(s) [ ] Yes [ ] No
Number of new defendants _____
Total number of counts _____

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.
2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.
3. Interpreter: (Yes or No) **No**
   List language and/or dialect **English**
4. This case will take **3** days for the parties to try.
5. Please check appropriate category and type of offense listed below:

   (Check only one)
   - I    0 to 5 days   [✓]
   - II   6 to 10 days   [ ]
   - III   11 to 20 days   [ ]
   - IV   21 to 60 days   [ ]
   - V   61 days and over   [ ]

   (Check only one)
   - Petty [ ]
   - Minor [ ]
   - Misdemeanor [ ]
   - Felony [✓]

6. Has this case previously been filed in this District Court? (Yes or No) **No**
   If yes: Judge _____ Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter? (Yes or No) **No**
   If yes: Magistrate Case No. _____
   Related miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the District of _____
   Is this a potential death penalty case? (Yes or No) **No**

7. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia O. Valle)? (Yes or No) **No**
8. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) **No**
9. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss)? (Yes or No) **No**

    •

*Deric Zacca*
DERIC ZACCA
Assistant United States Attorney
FLA Bar No.    151378

*Penalty Sheet(s) attached

REV 3/19/21

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: KEVIN DEWAYNE KIRBY           **Case No**: _____

Count: 1

Conspiracy to commit wire fraud

18 U.S.C. § 1349

**\*Max. Penalty:** Twenty (20) years' imprisonment; three (3) years' supervised release; $250,000 fine.

Counts: 2 & 3

Wire Fraud

18 U.S.C. § 1343

**\*Max. Penalty:** Twenty (20) years' imprisonment; three (3) years' supervised release; $250,000 fine.

Count:



**\*Max. Penalty:**

Count:



**\*Max. Penalty:**

　　*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms or forfeitures that may be applicable

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: _____

### BOND RECOMMENDATION

DEFENDANT: _____ KEVIN DEWAYNE KIRBY _____

100k Personal Surety Bond
_____
(Personal Surety) (Corporate Surety) (Cash) (Pre-Trial Detention)

By: *Deric Zacca*
AUSA: DERIC ZACCA

Last Known Address: _____

_____

_____

What Facility: _____

_____

Agent(s):   Daniel Russo, TIGTA
         (FBI)   (SECRET SERVICE)   (DEA)   (IRS)   (ICE)   (**OTHER**)

AO 455 (Rev. 01/09) Waiver of an Indictment

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) | |
|---|---|---|
| v. | ) | Case No. |
| KEVIN DEWAYNE KIRBY, | ) | |
| | ) | |
| *Defendant* | ) | |

**WAIVER OF AN INDICTMENT**

I understand that I have been accused of one or more offenses punishable by imprisonment for more than one year. I was advised in open court of my rights and the nature of the proposed charges against me.

After receiving this advice, I waive my right to prosecution by indictment and consent to prosecution by information.

Date: _____

_____
*Defendant's signature*

_____
*Signature of defendant's attorney*

_____
*Printed name of defendant's attorney*

_____
*Judge's signature*

_____
*Judge's printed name and title*